UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 15-16-DLB

BILLY E. BARKER                                                         PLAINTIFF

VS.                     **MEMORANDUM OPINION**
                              **AND ORDER**

CASEY BRAMMELL, et al.,                            DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

**I.    Introduction**

Plaintiff Billy E. Barker is a former Kentucky inmate. While confined in the Kentucky State Reformatory in LaGrange, Kentucky, Barker filed an original and supplemental *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. #1, 11) The Court has granted Barker's motion to proceed *in forma pauperis*. (Doc. # 7)

The Court must conduct a preliminary review of Barker's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When testing the sufficiency of Barker's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

In his complaint, Barker alleges that sometime between February and August 2013, Casey Brammell, the Sheriff of Carter County, Kentucky, and Greg Gillum, his deputy, posted a photograph of Barker with his Social Security number on the Facebook page of the Carter County Sheriff's Department. The posting described Barker as extremely dangerous and possibly armed. Barker alleges that this information could have gotten him injured or killed, and suggests that he suffered fright or humiliation. Barker names Brammell and Gillum as defendants, as well as unnamed former and current members of the Carter County Fiscal Court, and former and current Carter County Judge Executives Charles Wallace and Mike Malone. Barker seeks compensatory and punitive damages. (Doc. #1; #11; #11-1).

**II.    Analysis**

First, the claims against the former and current members of the Carter County Fiscal Court and the Carter County Judge Executive must be dismissed because Barker does not allege that they were in any way personally involved in the conduct about which he complains. In order to recover against a given defendant in a civil rights action, the plaintiff "must allege that the defendant [was] personally involved in the alleged deprivation of federal rights." *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (*citing Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)). The requirement of personal involvement does not mean that the particular defendant actually committed the conduct complained of, but it does require a supervisory official to have "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct." *Hays v. Jefferson County, Kentucky*, 668 F.2d 869, 874 (6th Cir. 1982). The mere fact of supervisory capacity is not enough: respondeat superior is not an available theory of

2

liability. *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981). Barker makes no factual allegations at all regarding these named defendants, let alone that they were personally involved in the conduct which allegedly violated his rights. At best, Barker's inclusion of these persons suggests his belief that they are liable simply because they are supervisory officials, but "[i]n a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). These claims must therefore be dismissed.

Second, the Court must dismiss Barker's claims because he did not file suit within the time permitted by the applicable statute of limitations, and they are therefore time-barred. 42 U.S.C. § 1983 does not establish a statutory limitations period; instead, federal courts apply the most analogous statute of limitations from the state where the events occurred. *Wilson v. Garcia*, 471 U.S. 261, 268-71 (1985). The conduct about which Barker now complains occurred in Kentucky; therefore, Kentucky's one-year statute of limitations for asserting personal injuries applies. Ky. Rev. Stat. § 413.140(1)(a); *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003). Barker alleges that Brammell and Gillum posted his photograph and information sometime between February and August 2013. (Doc. #11 at 3) Barker was therefore required to file suit no later than August 2014. Because he did not file suit until seven months later in March 2015, his claims are time-barred, and they must be dismissed. *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir. 2001).

Finally, Barker's allegations fail to state a claim upon which relief may be granted because it is well established that law enforcement officers may publicly disclose and post

3

information, including photographs and names, of those persons deemed to be a risk to the community based upon prior conduct and criminal activity without offending the Constitution. *Paul v. Davis*, 424 U.S. 693 (1976). Nor does a claim of allegedly "increased risk of private violence that can result in damage to one's property or injury to one's person" state a viable constitutional claim. *E.B. v. Verniero*, 119 F. 3d 1077, 1104-05 (3d Cir. 1997).[1] For each of these reasons, Barker's complaint will be dismissed.

### III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Barker's original and supplemental complaint (Doc. #1, 11) are **DISMISSED WITH PREJUDICE**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the Court's active docket.

This 20th day of May, 2016.



Signed By:
David L. Bunning
United States District Judge

G:DATA/ORDERS/Opinions/Ashland/15-16 PSO MOO

---

[1] It is unclear whether Barker intended to assert a distinct defamation claim under state law apart from his other claims, but if he did, it would fail as a matter of law. A public official is entitled to a qualified privilege if he or she makes an otherwise false and defamatory publication reasonably, in good faith, and in furtherance of a public purpose. Cf. *Day v. Milam*, No. 1: 11-CV-97, 2011 WL 5190809, at *7-8 (E.D. Va. Oct. 28, 2011) (citing *New York Times v. Sullivan*, 376 U.S. 254, 281 (1964)).